IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN PAUL SHERIDAN, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:07-CV-0587-N |
| | ) | ECF |
| ALBERTO R. GONZALES, et al., | ) | |
|     Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

    Type of Case:  This is a *pro se* civil action.

    Parties:  Plaintiff presently resides in Bosque, New Mexico.  Defendants are Alberto R. Gonzales, the Superior Court of California, the Eldorado County District Attorney, Kurt Sommerdykes, and Vance J. Van Tassel.  The Court did not issue process, pending preliminary screening.

    Statement of Fact:  On April 2, 2007, Plaintiff filed the complaint in this action alleging civil rights violations which took place in New Mexico and California.  Plaintiff refers to prior civil rights actions filed in New Mexico and California.  Plaintiff also refers to prior actions filed in this Court and subsequently transferred to the District of New Mexico.

    Findings and Conclusions:  28 U.S.C. § 1391(b), which governs venue of a federal cause

of action, provides in pertinent part as follows:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

All events leading to the claims at issue in this case took place in New Mexico and/or California. None of the events took place in the Northern District of Texas. Because Plaintiff's claims arise out of events which occurred at least in part in New Mexico and California, and the defendants reside in those States, venue is not proper in the Northern District of Texas.

When venue is not proper, a district court has the authority to dismiss the case or transfer it in the interest of justice to any district or division in which the action could have been brought. 28 U.S.C. § 1406(a). Section 1406(a) provides as follows:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

A district court has broad discretion in determining whether to dismiss or transfer a case in the interest of justice. *See Caldwell v. Palmetto State Savings Bank of South Carolina*, 811 F.2d 916, 919 (5th Cir. 1987).

Plaintiff is well aware of the venue provisions and filing requirements having filed thirteen cases in federal courts in New Mexico, California, and Texas during the last several years. Under such circumstances, this Court recommends that the complaint in this case be dismissed without prejudice because of improper venue.

RECOMMENDATION:

For the forgoing reasons, it is recommended that the complaint be DISMISSED without prejudice because of improper venue. See 28 U.S.C. § 1406(a).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 29th day of May, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.